UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC. and J.
MARGIOTTA COMPANY LLC,

Plaintiffs,

-against-

FOODLAND DISTRIBUTORS, INC. and GLEN D.
WALTERS,

Defendants.

Case No.:   16-9959

**COMPLAINT (to Enforce Payment From PACA Trust)**

Plaintiffs, D'ARRIGO BROS, CO. OF NEW YORK, INC. ("D'Arrigo") and J. MARGIOTTA COMPANY LLC ("Margiotta"), for their complaint against defendants, FOODLAND DISTRIBUTORS, INC. and GLEN D. WALTERS, alleges:

## JURISDICTION AND VENUE

1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA" or the "Act"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2.     Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

## PARTIES

3.     Plaintiff, D'Arrigo, is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

1

4.      Plaintiff, Margiotta, is a limited liability company engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

5.      The defendant, FOODLAND DISTRIBUTORS, INC. ("Foodland"), is a New Jersey corporation with a principal place of business at 340 Carnegie Avenue, Kenilworth, New Jersey, and doing business in the State of New York and in this judicial district.

6.      Foodland, its agents, servants, its employees purchased perishable agricultural commodities exceeding $230,000.00 annually and/or purchasing at least 2,000 lbs. of perishable agricultural commodities on any one day, as such, is a dealer in perishable agricultural commodities and subject to the Act.

7.      Prior thereto, Foodland  held a PACA license granted by the Department of Agriculture by reason of the fact that it purchased perishable agricultural commodities in excess of $230,000.00 annually and/or purchased at least 2,000 lbs. of perishable agricultural commodities in any one day.

8.      Foodland was and still is a wholesale distributors of perishable agricultural commodities and, as such, is a dealer in perishable agricultural commodities.

9.      The defendant, GLEN D. WALTERS ("Walters") , is a principal officer, director and shareholder of Foodland and a conscious moving force concerning the operations of that corporation whose decision it was to determine to whom payments of invoiced amounts would be made to seller

of perishable agricultural commodities delivered to it, as well as other payments to PACA beneficiaries, including but not limited to plaintiffs.

10.     The defendant, Walters, directed all of the activities and operations of Foodland.

## GENERAL ALLEGATIONS
## D'ARRIGO

11.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1934 amendment to Section 5 of the PACA, 7 U.S.C. §499( c).

12.     The plaintiff, D'Arrigo, is an unpaid supplier of perishable agricultural commodities as those terms are used in the Act.  The amount due is ONE HUNDRED SIXTY THOUSAND EIGHT HUNDRED FORTY-ONE and 00/100 ($160,841.00) DOLLARS.

13.     The plaintiff, D'Arrigo, is an unpaid seller of perishable agricultural commodities as those terms are used in the Act.  The amount due is sum of  ONE HUNDRED SIXTY THOUSAND EIGHT HUNDRED FORTY-ONE and 00/100 ($160,841.00) DOLLARS.

14.     Plaintiff, D'Arrigo, sold and delivered to defendants, in interstate commerce, ONE HUNDRED SIXTY THOUSAND EIGHT HUNDRED FORTY-ONE and 00/100 ($160,841.00) DOLLARS worth of wholesale quantities of produce.

15.     Defendants have failed to pay for the produce when payment was due, despite demands and presently owes plaintiff, D'Arrigo, the amount of  ONE HUNDRED SIXTY THOUSAND EIGHT HUNDRED FORTY-ONE and 00/100 ($160,841.00)DOLLARS.

16.     At the time of receipt of the produce, plaintiff, D'Arrigo, became beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources, and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

3

17.     Plaintiff, D'Arrigo,  preserved its interests in the PACA trust in the amount of  ONE HUNDRED SIXTY THOUSAND EIGHT HUNDRED FORTY-ONE and 00/100 ($160,841.00) DOLLARS by including the statutory language on its invoices, and remains a beneficiary until full payment is made.

18.     The defendants are experiencing severe cash flow problems and are unable to pay plaintiff, D'Arrigo, for the produce plaintiff, D'Arrigo, supplied.

19.     The defendants' failure or inability to pay establish that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff, D'Arrigo, and are dissipating trust assets.

## GENERAL ALLEGATIONS
## MARGIOTTA

20.     The plaintiff, Margiotta , is an unpaid supplier of perishable agricultural commodities as those terms are used in the Act.  The amount due is THREE THOUSAND SEVEN HUNDRED FORTY-FOUR and 00/100 ($3,744.00) DOLLARS.

21.     The plaintiff, Margiotta , is an unpaid seller of perishable agricultural commodities as those terms are used in the Act.  The amount due is sum of THREE THOUSAND SEVEN HUNDRED FORTY-FOUR and 00/100 ($3,744.00) DOLLARS.

22.     Plaintiff, Margiotta, sold and delivered to defendants, in interstate commerce, THREE THOUSAND SEVEN HUNDRED FORTY-FOUR and 00/100 ($3,744.00) DOLLARS worth of wholesale quantities of produce.

23.     Defendants have failed to pay for the produce when payment was due, despite demands and presently owes plaintiff, Margiotta, the amount of  THREE THOUSAND SEVEN HUNDRED FORTY-FOUR and 00/100 ($3,744.00) DOLLARS.

24.    At the time of receipt of the produce, plaintiff, Margiotta, became beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources, and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

25.    Plaintiff, Margiotta, preserved its interests in the PACA trust in the amount of THREE THOUSAND SEVEN HUNDRED FORTY-FOUR and 00/100 ($3,744.00) DOLLARS by including the statutory language on its invoices, and remains a beneficiary until full payment is made.

26.    The defendants are experiencing severe cash flow problems and are unable to pay plaintiff, Margiotta, for the produce plaintiff, Margiotta, supplied.

27.    The defendants' failure or inability to pay establish that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff, Margiotta, and are dissipating trust assets.

## COUNT 1

### D'ARRIGO AGAINST DEFENDANT, FOODLAND
### (FAILURE TO PAY TRUST FUNDS)

28.    Plaintiff, D'Arrigo, incorporates each and every allegation set forth in paragraphs "1" to "27" above as if fully set forth herein.

29.    The failure of defendant to make payment to plaintiff, D'Arrigo, of trust funds in the amount of $160,841.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

30.    For all of the foregoing reasons plaintiff, D'Arrigo, has been damaged in the amount of $160.841.00.

## COUNT 2

### D'ARRIGO AGAINST DEFENDANT, FOODLAND
### (FAILURE TO PAY FOR GOODS SOLD)

31.     Plaintiff, D'Arrigo,  incorporates each and every allegation set forth in paragraphs "1" to "30" above as if fully set forth herein.

32.     Defendant failed and refused to pay plaintiff, D'Arrigo, an  amount of  $160,841.00 owed to plaintiff, D'Arrigo, for produce received by defendants from plaintiff.

33.     For all of the foregoing reasons plaintiff, D'Arrigo,  has been damaged in the amount of $160,841.00.

## COUNT 3

### D'ARRIGO AGAINST DEFENDANT, FOODLAND
### (INTEREST AND ATTORNEY'S FEES)

34.     Plaintiff, D'Arrigo,  incorporates each and every allegation set forth in paragraphs "1" to "33" above as if  fully set forth herein.

35.     As a result of defendant's failure to make full payment promptly in the amount of $160,841.00, plaintiff, D'Arrigo, has lost the use of said money.

36.     As a further result of defendant's failure to make full payment promptly in the amount of $160,841.00, plaintiff, D'Arrigo, has been required to pay attorneys' fees and costs in order to bring this action to compel defendants to comply with its statutory duties.

37.     The invoices and statements provided to the defendants require the defendants to pay reasonable attorney's fees, costs and interest at the rate of 1.5% per month, which are considered sums owing in connection with the PACA trust, in the event of nonpayment and enforcement of plaintiff's, D'Arrigo, claim.

38.    For all of the foregoing reasons  plaintiff, D'Arrigo, requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

## COUNT 4

### MARGIOTTA AGAINST DEFENDANT, FOODLAND
### (FAILURE TO PAY TRUST FUNDS)

39.    Plaintiff, Margiotta, incorporates each and every allegation set forth in paragraphs "1" to "38" above as if fully set forth herein.

40.    The failure of defendant to make payment to plaintiff, Margiotta, of trust funds in the amount of $3,744.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

41.    For all of the foregoing reasons plaintiff, Margiotta, has been damaged in the amount of $3,744.00.

## COUNT 5

### MARGIOTTA AGAINST DEFENDANT, FOODLAND
### (FAILURE TO PAY FOR GOODS SOLD)

42.    Plaintiff, Margiotta,  incorporates each and every allegation set forth in paragraphs "1" to "41" above as if fully set forth herein.

43.    Defendant failed and refused to pay plaintiff, Margiotta, an  amount of  $3,744.00 owed to plaintiff, Margiotta, for produce received by defendants from plaintiff.

44.    For all of the foregoing reasons plaintiff, Margiotta,  has been damaged in the amount of $3,744.00.

7

## COUNT 6

### MARGIOTTA AGAINST DEFENDANT, FOODLAND
### (INTEREST AND ATTORNEY'S FEES)

45.    Plaintiff, Margiotta,  incorporates each and every allegation set forth in paragraphs "1" to "44" above as if  fully set forth herein.

46.    As a result of defendant's failure to make full payment promptly in the amount of $3,744.00, plaintiff, Margiotta, has lost the use of said money.

47.    As a further result of defendant's failure to make full payment promptly in the amount of $3,744.00, plaintiff, Margiotta, has been required to pay attorneys' fees and costs in order to bring this action to compel defendants to comply with its statutory duties.

48.    The invoices and statements provided to the defendants require the defendants to pay reasonable attorney's fees, costs and interest at the rate of 1.5% per month, which are considered sums owing in connection with the PACA trust, in the event of nonpayment and enforcement of plaintiff's, Margiotta, claim.

49.    For all of the foregoing reasons  plaintiff, Margiotta, requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

## COUNT 7

### D'ARRIGO AGAINST DEFENDANT, WALTERS
### (FAILURE TO PAY TRUST FUNDS)

50.    Plaintiff incorporate each and every allegation set forth in paragraphs "1" through "49" above as if  fully set forth herein.

51.    The defendant, Walters, was an officer, director and shareholder of the corporate defendant, Foodland, in charge of  writing checks to pay accounts payable of the corporate defendant, Foodland, including but not limited to plaintiff, D'Arrigo.

8

52.     The defendant, Walters, elected not to pay plaintiff, D'Arrigo.

53.     The defendant, Walters, is personally responsible to pay all sums due to the plaintiff, D'Arrigo.

54.     For all of the foregoing reasons plaintiff, D'Arrigo, has been damaged in the amount of $160,841.00.

### COUNT 8

### MARGIOTTA AGAINST DEFENDANT, WALTERS
### (FAILURE TO PAY TRUST FUNDS)

55.     Plaintiff incorporate each and every allegation set forth in paragraphs "1" through "54" above as if fully set forth herein.

56.     The defendant, Walters, was an officer, director and shareholder of the corporate defendant, Foodland, in charge of writing checks to pay accounts payable of the corporate defendant, Foodland, including but not limited to plaintiff, Margiotta.

57.     The defendant, Walters, elected not to pay plaintiff, Margiotta.

58.     The defendant, Walters, is personally responsible to pay all sums due to the plaintiff, Margiotta.

59.     For all of the foregoing reasons plaintiff, Margiotta, has been damaged in the amount of $3,744.00.

WHEREFORE, plaintiffs demand judgment against the defendants, as follows:

A.      On the first cause of action Plaintiff, D'Arrigo, against the defendant, Foodland, in the sum of $160,841.00;

B.      On the second cause of action Plaintiff, D'Arrigo, against the defendant, Foodland, in the sum of $160,841.00;

C.      On the third cause of action Plaintiff, D'Arrigo, against the defendant, Foodland, in a sum to be determined for prejudgment interest, costs and attorneys fees;

D.      On the fourth cause of action Plaintiff, Margiotta, against the defendant, Foodland, in the sum of $3,744.00;

E.      On the fifth cause of action Plaintiff, Margiotta, against the defendant, Foodland, in the sum of $3,744.00;

F.      On the sixth cause of action Plaintiff, Margiotta, against the defendant, Foodland, in a sum to be determined for prejudgment interest, costs and attorneys fees;

G.      On the seventh cause of action Plaintiff, D'Arrigo, against the defendant, Walters, in the sum of $160,841.00; and

H.      On the fourth cause of action Plaintiff, Margiotta, against the defendant, Walters, in the sum of $3,744.00; and

I.      Together with such other and further relief as the court deems just and proper.

Dated this 27th day of December, 2016

Respectfully submitted:

KREINCES & ROSENBERG, P.C.

By: _____

LEONARD KREINCES
Attorneys for Plaintiffs
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500